Harold Glen ABBOTT *v.* STATE of Arkansas

CR 91-78                                            819 S.W.2d 694

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Kit Williams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Subject to his right to appeal the partial denial of a motion to suppress evidence pursuant to A.R.Cr. P. Rule 24.3(b), appellant, Harold Glen Abbott, pled guilty to the charges of possession of methamphetamine with intent to deliver and possession of drug paraphernalia. On appeal, he makes three arguments why the prohibition of unreasonable searches and seizures in the United States Constitution and the Arkansas Constitution were violated so as to require suppression of all evidence seized after his arrest. We find merit in appellant's second argument and reverse.

The hearing on appellant's motion to suppress evidence revealed that, on November 28, 1989, pursuant to information obtained from a confidential informant, Officer Robert Tuberville of the Fayetteville Police Department bought a substance from appellant which appellant represented to be hashish. On December 13, 1989, the Arkansas State Crime Laboratory reported to the Fayetteville police that the substance obtained from appellant on November 28, 1989, was not hashish. On December 21, 1989, Officer Turberville and Officer Gary Greenshaw of the Springdale Police Department met with the same confidential informant and arranged a purchase of methamphetamine from appellant on the following day. At approximately 10:00 a.m. on December 22, 1989, Officer Turberville talked with the informant on the telephone and confirmed that the pending methamphetamine sale would occur at approximately noon that day. Sometime between the 10:00 a.m. phone call and appellant's arrest at approximately 12:00 p.m., the two police officers obtained a warrant to arrest appellant for the charge of delivery of a counterfeit substance purported to be hashish, an alleged violation of Ark. Code Ann. § 5-64-401 (1987), occurring on November 28, 1989.

At approximately 12:00 p.m. on December 22, 1989, Of-

ficers Turberville and Greenshaw went to appellant's motel room armed with the arrest warrant. The officers arrested appellant immediately when he answered the door. Because appellant had just stepped out of the shower and was clothed only in a towel, the officers handed appellant a pair of jeans lying on the floor of the motel room. Before handing appellant his jeans however, the officers searched the pants for weapons and found an opaque film canister containing approximately two grams of methamphetamine. While still inside appellant's motel room, the officers noticed various drug paraphernalia on the top of the dresser. The officers then conducted a thorough search of the motel room, including the dresser drawers and the closet. This search produced some additional evidence including approximately 1.5 grams of methamphetamine.

As a result of the foregoing search and the evidence produced therefrom, appellant was charged by felony information with possession of methamphetamine with intent to deliver and possession of drug paraphernalia. Appellant filed a pretrial motion to suppress all evidence arguing that the warrant was invalid because it was based on an invalid charge and that the officers improperly executed the arrest warrant with the intent to search his residence without a search warrant rather than to seize his person.

The trial court stated there was no evidence that the arresting officers had knowledge that the arrest warrant was based on an invalid charge, therefore the arrest was proper. The trial court also stated that after the arrest was executed, the officers were entitled to pat appellant down or make a search incident to arrest including the clothing handed to appellant. The trial court also stated that any of the evidence seized on top of the dresser was lawfully seized according to the plain view doctrine. However, the trial court felt the additional search of the remaining parts of the motel room was contrary to the Fourth Amendment. Thus, in a ruling from the bench, the trial court denied the motion to suppress with respect to the film canister and its contents found in appellant's jeans and the drug paraphernalia found on the top of the dresser; the trial judge granted the motion with respect to the methamphetamine and other evidence found in the dresser and closet.

The standard of review on appeal of a motion to suppress is well established. On review, we make an independent determination, based on the totality of the circumstances, as to whether evidence obtained by a warrantless search should be suppressed; we do not reverse the trial court's finding unless it is clearly against the preponderance of the evidence or clearly erroneous. *State* v. *Tucker*, 268 Ark. 427, 597 S.W.2d 584 (1980).

On appeal, appellant asserts the charge for which the arrest warrant was issued is not a crime and therefore all evidence derived from his arrest should have been suppressed. The affidavit of probable cause for the arrest warrant was filed in the Washington County Clerk's office at 11:37 a.m. on December 22, 1989. The affidavit was signed by a a deputy prosecuting attorney and municipal judge and stated there was reason to believe that on November 28, 1989, appellant "committed the offense of Illegal Delivery of a Counterfeit Substance (C Felony) . . . that was purported to be hashish in violation of A.C.A. § 5-64-401[.]"

Section 5-64-401(b) is the subsection of the Controlled Substances Act dealing with counterfeit substances. Section 5-64-401(b) states in its entirety:

> (b)   Except as authorized by subchapters 1-6 of this chapter, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance. For purposes of this subsection, possession of one hundred (100) dosage units of any one (1) counterfeit substance or possession of two hundred (200) dosage units of counterfeit substances regardless of the type shall create a rebuttable presumption that such person possesses such counterfeit substance with intent to deliver in violation of subsections (a) and (b) of this section of Article IV of Act 590 of 1971 as amended.
>
> (1)   Any person who violates this subsection with respect to:
>
> (i)   A counterfeit substance purporting to be a controlled substance classified in Schedule I or II, which is a narcotic drug, is guilty of a Class B felony;
>
> (ii)   Any other counterfeit substance purporting to be a controlled substance classified in Schedules I, II, or

III, is guilty of a Class C felony;

    (iii) A counterfeit substance purporting to be a controlled substance classified in Schedule IV, is guilty of a Class C felony;

    (iv) A counterfeit substance purporting to be a controlled substance classified in Schedule V, is guilty of a Class C felony;

    (v) A counterfeit substance purporting to be a controlled substance which is not classified as a scheduled controlled substance, is guilty of a Class D felony.

Hashish is a derivative of tetrahydracannibanol or marijuana and is accordingly classified as a Scheduled VI controlled substance. Appellant correctly points out that section 5-64-401 does not state that delivery of a counterfeit substance purported to be hashish, or for that matter any Schedule VI substance, is a Class C felony. Appellant's argument continues with the proposition that because hashish is a controlled substance but not a controlled substance classified in Schedules I, II, III, IV, or V, delivery of a counterfeit substance purporting to be hashish is not in violation of Arkansas law. We agree.

When enacting section 5-64-401(b), the legislature was very careful to enumerate the various crimes associated with counterfeit substances and their respective punishments. The classification scheme used by the legislature in section 5-64-401(b) is clearly based on the list of scheduled controlled substances. *See* section 5-64-401(b)(1)(i) through (v). Thus, the absence of a crime and a respective punishment classification involving counterfeit Schedule VI controlled substances is particularly obvious.

    Whether the absence of Schedule VI controlled substances in section 5-64-401(b) is indicative of a legislative omission or oversight is irrelevant given *White* v. *State,* 260 Ark. 361, 538 S.W.2d 550 (1976). In the *White* case, a jury found appellant White not guilty of the charge of possession of marijuana with intent to deliver, but did find him guilty of the mere possession of marijuana. White appealed contending that possession of marijuana was not an offense under the Controlled Substances Act, as amended by 1973 Ark. Act. 186. Act 186 of 1973 removed marijuana from the list of Schedule I controlled

substances and reclassified it in a newly created Schedule VI. The remainder of the Controlled Substances Act was not amended to reflect the corresponding change in the scheduling of marijuana. The result of the failure to amend the remainder of the Act was that, due to the rescheduling of marijuana into Schedule VI, the possession, delivery, manufacture, or possession with intent to deliver or manufacture marijuana was no longer a crime. Reasoning that "the rule of law with respect to statutory construction of penal provisions is that nothing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the accused," *Id.* at 366, 538 S.W.2d at 553, we agreed with appellant White and concluded that because of the new classification of marijuana into Schedule VI, there was no such crime as possession of marijuana. White's conviction was therefore reversed. Since the *White* decision, subsections (a) and (c) of 5-64-401 have been amended to cure the problems caused by the reclassification of marijuana. However, the problem caused by the creation of a new Schedule VI in 1973 Ark. Act 186 presently remains in section 5-64-401(b). Thus, the delivery of a counterfeit substance purported to be hashish (a marijuana derivative) is not a crime.

We conclude that the rule of strict construction of penal statutes and our holding in *White* compels us to hold appellant's arrest invalid because the affidavit supporting the arrest warrant was based on an invalid charge. We so hold. Because the arrest was invalid, it cannot support a search incident to arrest nor evidence seized in plain view while making the arrest. Our holding mandates the reversal of the trial court's denial of appellant's motion to suppress.

The state argues that even though we find the arrest warrant to be invalid, suppression of all the evidence seized as a result of the arrest is not required because the officers acted on the arrest warrant with a good faith belief that it was valid. The state relies on *United States* v. *Leon*, 468 U.S. 897 (1984), in making this "good faith" argument. We have already extended the *Leon* good faith exception to cases involving arrest warrants. *Starr* v. *State*, 297 Ark. 26, 759 S.W.2d 535 (1988), *cert. denied*, 489 U.S. 1100 (1989), *cert. denied*, 494 U.S. 1020, 110 S. Ct. 1327 (1990); *Stewart* v. *State*, 289 Ark. 272, 711 S.W.2d 787 (1986). *See also Davis* v. *State*, 293 Ark. 472, 739 S.W.2d 150 (1987).

However, in *Leon*, the United States Supreme Court stated that the good faith exception to the exclusionary rule should not be applied in four situations, one of those being when the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 923.

■ Although the illustration of a facially deficient warrant given by the United States Supreme Court in *Leon, supra*, is a search warrant that fails to particularize the place to be searched or the things to be seized, we feel an arrest warrant, such as the one in this case, which fails to particularize or enumerate the crime for which the suspect was arrested is equally and similarly facially deficient. At the time appellant was arrested, Officers Turberville and Greenshaw were both assigned to the Drug Enforcement Agency Task Force. They were trained police officers who were experienced in drug related crimes and should have been familiar with the Controlled Substance Act, especially section 5-64-401. Based on these officers' experience with the Drug Task Force, we cannot say they could have reasonably presumed this arrest warrant to be valid on its face as it stated appellant had committed an offense that did not exist under section 5-64-401. Thus, we hold the state is not entitled to the protection of the *Leon* good faith exception to the exclusionary rule and "[s]uppression therefore remains an appropriate remedy. . . ." *Leon*, 468 U.S. at 923. It was therefore error for the trial judge to deny appellant's motion to suppress the evidence resulting from his arrest pursuant to this invalid arrest warrant.

Accordingly, we reverse and remand with directions that all the evidence seized from appellant's arrest be suppressed and that appellant be allowed to withdraw his guilty plea pursuant to A.R.Cr.P. Rule 24.3(b).

Reversed and remanded.