SLIP OPINION



Cite as 2016 Ark. 225

# SUPREME COURT OF ARKANSAS.

**No.** CR-15-1048

| | |
|---|---|
| BRUCE ALLEN ECHOLS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 26, 2016<br><br>PRO SE APPEAL FROM DENIAL OF PETITION FOR POSTCONVICTION RELIEF; PETITION FOR WRIT OF MANDAMUS; MOTION FOR TRANSCRIPT AND FOR LEAVE TO APPEND BRIEF; MOTION FOR EXTENSION TO FILE BELATED SUPPLEMENTAL BRIEF; MOTION FOR SEVEN-DAY ADDITIONAL EXTENSION TO FILE BELATED SUPPLEMENTAL BRIEF; MOTION FOR CONTINUANCE; MOTION TO DISMISS APPEAL<br><br>[SALINE COUNTY CIRCUIT COURT, NO. 63CR-12-513]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br><u>AFFIRMED; PETITION FOR WRIT OF MANDAMUS DENIED; MOTIONS MOOT</u> |

## PER CURIAM

Appellant Bruce Allen Echols was convicted by a jury of four counts of aggravated robbery and was sentenced to four concurrent terms of 360 months' imprisonment. The convictions and sentences were affirmed by the Arkansas Court of Appeals. *Echols v. State*, 2015 Ark. App. 304, 462 S.W.3d 352. Pending before this court is Echols's appeal from the denial of his petition for postconviction relief. Additionally, Echols has filed a petition

for a writ of mandamus and pro se motions for copies of his trial transcript and for leave to append brief; a motion for extension to file a belated and supplemental brief; a motion for seven additional days to file a belated and supplemental brief, a motion for a continuance, and a motion to dismiss.

Echols filed a timely verified petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2015) and alleged that both trial counsel and appellate counsel[1] were ineffective in litigating the factual and legal issues surrounding Echols's arrest and the subsequent search of his residence. On September 24, 2015, the trial court entered its order summarily denying relief without a hearing. The trial court cited *Coulter v. State*, 343 Ark. 22, 31 S.W.3d 826 (2000), and concluded that Echols's ineffective-assistance-of-counsel claims based on counsel's failure to successfully challenge his arrest as pretextual and the search of his residence as unsupported by probable cause involved matters that had been litigated at trial and on direct appeal and could not be reargued in a petition for relief pursuant to Rule 37.1. On October 15, 2015, Echols filed a motion to modify the order requesting that the trial court address his claims within the context of his ineffective-assistance-of-counsel allegations. The notice of appeal was filed on October 22, 2015.

On November 2, 2015, the trial court denied the motion to modify because it had addressed all claims raised in the petition and further ruled that "[t]o the extent the court did not rule on any pending issue, argument, petition, or motion, the Court denies all as

---

[1] In his reply brief, filed in this court on April 5, 2016, Echols withdrew any claims pertaining to appellate counsel raised in his Rule 37.1 petition and in his initial brief.

SLIP OPINION

without merit." The trial court retained jurisdiction to enter this order because, although the notice of appeal had been filed, the record had not yet been lodged in this court. *See Watkins v. State*, 2010 Ark. 156, at 4–5, 362 S.W.3d 910, 914 (holding that the trial court loses jurisdiction to enter any further rulings in a Rule 37.1 proceeding when a notice of appeal is filed *and* the record is lodged in the appellate court); *see also McLaughlin v. State*, 2015 Ark. 335, at 2, 469 S.W.3d 360, 364 (per curiam). An appellant who files a notice of appeal prior to the entry of the order on the request for a ruling on an omitted issue may then amend the notice of appeal to include an appeal of the order disposing of the request, provided that the amendment to the notice of appeal is made within the thirty-day time frame permitted for filing the notice of appeal. *Lewis v. State*, 2012 Ark. 255, at 4–5, 423 S.W.3d 16, 19 (per curiam); *see also Wright v. State*, 359 Ark. 418, 423, 198 S.W.3d 537, 540-41 (2004); Ark. R. App. P.–Crim. 2(b)(2) (2015). Echols did not file an amended notice of appeal within this time limit, and we are precluded from reviewing the trial court's ruling on Echols's posttrial motion. *Carter v. State*, 2015 Ark. 166, at 1, 460 S.W.3d 781, 785 (Petitioner failed to amend the notice of appeal; appellate review was therefore limited to the original order denying Rule 37.1 relief.); *McLaughlin*, 2015 Ark. 335, at 2, 469 S.W.3d at 364.

After the record had been lodged, Echols filed a petition for a writ of mandamus asking this court to compel the trial court to rule on his claims. However, a ruling on the mandamus petition would require appellate review of an order that Echols failed to appeal, and mandamus is not a substitute for appeal. *Gran v. Hale*, 294 Ark. 563, 565, 745 S.W.2d 129, 130 (1988). Mandamus is appropriate where a Rule 37.1 petitioner requested the trial

SLIP OPINION

court to provide a ruling on an omitted issue and the trial court failed to do so. *Strain v. State*, 2012 Ark. 184, at 7, 423 S.W.3d 1, 6. Here, the trial court provided a ruling. By contending in his mandamus petition that the trial court should address the merits of his allegations rather than concluding that the claims had been addressed and were otherwise without merit, Echols is attempting to use mandamus to compel a particular ruling; mandamus cannot be used to correct a decision already made. *Wells v. Laser*, 2010 Ark. 142, at 2; *Burney v. Hargraves*, 264 Ark. 680, 682, 573 S.W.2d 912, 913 (1978).

On appeal from a trial court's ruling on Rule 37.1 relief, we will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

At the outset, Echols argues that the trial court erroneously dismissed his Rule 37.1 petition based on the doctrine of "law of the case." The trial court did not rely on the doctrine of "law of the case," but instead, relied on our decision in *Coulter*, 343 Ark. 22, 31 S.W.3d 826, for the proposition that Rule 37.1 does not provide an opportunity to reargue points that were settled at trial or on direct appeal. While the court of appeals did not settle issues in the context of Echols's ineffective-assistance-of-counsel claims, its opinion settled certain issues arising from Echols's underlying allegations that counsel unreasonably failed to establish that his arrest was pretextual and that the search-warrant affidavit was unreliable. In any event, we will affirm a trial court's decision if it reached the right result, albeit for the wrong reason. *Jones v. State*, 347 Ark. 409, 422, 64 S.W.3d 728, 737 (2002) (citing

*Harris v. State*, 339 Ark. 35, 2 S.W.3d 768 (1999)). Furthermore, it is reversible error when the trial court fails to make findings to enable a meaningful review, unless it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Henington v. State*, 2012 Ark. 181, at 9–10, 403 S.W.3d 55, 62. For the reasons set forth below, a consideration of the record together with a review of the petition and briefs submitted by the parties conclusively demonstrates that relief is not warranted.

In making a determination on a claim of ineffective assistance of counsel, we assess the effectiveness of counsel under the standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, (1984), whereby a petitioner must demonstrate that counsel made errors so serious that it prejudiced the outcome of the trial. *Sartin v. State*, 2012 Ark. 155, at 2–3, 400 S.W.3d 694, 697–98. Under the *Strickland* standard, the reviewing court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id*. In order to satisfy the prejudice part of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, such that there is a reasonable probability that the outcome of his trial would have been different absent counsel's errors. *Sartin*, 2012 Ark. at 2–3, 400 S.W.3d at 697-698. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.

On appeal, Echols restates allegations and arguments raised in his Rule 37.1 petition. In the first half of his appellate argument, Echols focuses on the litigation of issues surrounding his arrest, which Echols contends was pretextual. Echols argues that trial counsel overlooked crucial facts and failed to make relevant legal arguments which, according to Echols, would have conclusively established that his arrest was pretextual. Before addressing the merits of Echols's allegations a review of the circumstances surrounding Echols's arrest is necessary.

Echols became a suspect in a bank robbery following a traffic stop of his brother, Terry Echols, after police learned that Terry had purchased items with money traced to the robbery. Testimony at the suppression hearing established that Terry told investigating officers that the money came from his brother Bruce, with whom he shared a residence, and that Bruce primarily drove the vehicle that Terry was driving that day. A search of the vehicle uncovered clothing similar to clothing described as being worn by the robber. After participating in the stop and investigation of Terry, Officer Bigelow, who was already aware of an outstanding warrant issued for Bruce Echols on an unrelated misdemeanor charge, proceeded to the residence shared by Terry and Bruce Echols, where he arrested Bruce for the purpose of questioning him about the robbery.

Echols alleges that trial counsel failed to challenge what he describes as the "perjured" testimony of the arresting officer, Officer Bigelow. Echols insists that counsel was ineffective for failing to point out the following two inconsistencies in the testimony of Officer Bigelow: that Bigelow testified on direct examination that he saw the arrest warrant the day before Echols's arrest, but he further explained on cross-examination that he did not

6

actually see the warrant itself, but saw a folder bearing Echols's name in the warrant file-cabinet; and that Bigelow testified on direct examination that Terry Echols had informed officers that he did not know if his brother Bruce was involved in the robbery, but on cross-examination, Officer Bigelow recalled that Terry stated that he believed Bruce was involved in the robbery.

The above-cited inconsistencies in Bigelow's testimony did not rise to the level of perjury[2] as Echols asserts, but the testimony was wholly irrelevant to a determination that the arrest was pretextual. We have explained that the crucial question in a pretextual-arrest context is whether the arresting officer would have executed the full custodial arrest "but for" his suspicion that the arrestee was involved in another more serious crime. *State v. Sullivan*, 348 Ark. 647, 656–57, 74 S.W.3d 215, 221, (2002). On this issue, Officer Bigelow testified that Echols would have been arrested on the warrant even if he had not become a suspect in the robbery. Based on this testimony, the trial court and the court of appeals found that the arrest was not pretextual. *Echols*, 2015 Ark. App. 304, at 8, 462 S.W.3d at 356–57.

---

[2]The allegedly inconsistent testimony of Bigelow can be readily reconciled. Bigelow's testimony that he saw the actual warrant in the cabinet is not inconsistent with his later testimony clarifying that he did not remove the warrant from the cabinet and view it. Secondly, Terry Echols's statements that he did not know if his brother was involved in the robbery, but believed that he was involved are not contradictory statements as there is a difference between knowing and believing. The trial court resolved these inconsistencies, finding Officer Bigelow's testimony to be credible. Variances and discrepancies in the proof go to the weight or credibility of the evidence and are matters for the fact-finder to resolve. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Starling v. State*, 2016 Ark. 20, at 5, 480 S.W.3d 158, 161.

Nevertheless, Echols contends that he was prejudiced by Officer Bigelow's allegedly false testimony because the trial court commented that "if Bigelow had seen the warrant the day before, then the arrest may well be pretextual." However, contrary to Echols's allegation, the trial court indicated that the arrest may well have been pretextual if Officer Bigelow had discovered the arrest warrant *earlier* than one day before it was executed. What the trial court found to be critical was testimony establishing the time frame between the date Officer Bigelow first became aware that a warrant had been issued and the date on which the warrant was ultimately executed. Evidence that there was only a one-day delay in effecting the arrest supported Officer Bigelow's testimony that the warrant would have been served regardless of Echols's suspected participation in a bank robbery. The second instance of perjury alleged by Echols includes testimony from Officer Bigelow regarding Terry Echols's belief that Bruce may have been involved in the robbery. Echols cannot demonstrate that he was prejudiced by counsel's failure to seize upon this allegedly perjured testimony because, as noted by the court of appeals, the testimony was only relevant to the issue of probable cause for an arrest, an issue that was rendered moot when the trial court concluded that the arrest was not pretextual. *See Echols*, 2015 Ark. App. 304, at 9, 462 S.W.3d at 357.

Echols's final allegation connected to his arrest involves the prosecutor's reliance on the facts presented in *Stephens v. State*, 342 Ark. 151, 28 S.W.3d 260 (2000) in support of

his argument that the arrest was valid.[3]   Echols asserts that the *Stephens* holding was not relevant because it involved an arrest following a traffic stop, whereas Echols was arrested at his residence.   According to Echols, the prosecutor intentionally failed to explain this distinction for the purpose of misleading the trial court, and his counsel was deficient for allowing the prosecutor to advance this argument.   The applicability of our holding in *Stephens* to the facts presented in Echols's case was settled on direct appeal.   The prosecutor appropriately cited *Stephens,* 342 Ark. at 156–57, 28 S.W.3d at 262–63, because the arrest in that case was effected pursuant to a warrant and was found to be not pretextual despite evidence of the officer's ulterior motive.   Likewise, the court of appeals relied on our holding in *Stephens* for the proposition that "[w]hen testimony is presented that an arrest on an unrelated warrant would have occurred in any event, no pretext can be found."   *Echols*, 2015 Ark. App. 304 at 8, 462 S.W.3d at 357.   Echols's ineffective-assistance-of counsel claim premised on the prosecutor's reliance on *Stephens* does not merit postconviction relief.

Echols further argues that the trial court erred when it denied his claim for postconviction relief without a hearing.   We have explained that Rule 37.3 clearly grants the trial court discretion to decide whether the files and records are sufficient to address the petition without a hearing, and the trial court need not hold an evidentiary hearing where

---

[3]In the reply brief, Echols clarified that he did not intend to make a free-standing, due-process claim with respect to allegations of prosecutorial misconduct. This issue arose because it was unclear from his brief and Rule 37.1 petition whether Echols's allegations with respect to the prosecutor's conduct were intended to be claims unconnected to his allegations of ineffective assistance of counsel. The State's brief raised an alternative argument that prosecutorial misconduct claims are generally not cognizable in Rule 37.1 proceedings.

it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Green v. State*, 356 Ark. 59, 65, 146 S.W.3d 871, 877 (2003). Allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Id.* Because it is clear that the allegations set forth in Echols's Rule 37.1 petition were unsupported by the record, the trial court did not err when it denied relief without conducting an evidentiary hearing. Moreover, this court can affirm a trial court's findings, in the absence of a hearing, when it can be conclusively shown on the record or on the face of the petition itself that the allegations have no merit. *Sims v. State*, 2015 Ark. 363, at 16, 472 S.W.3d 107, 118.

In the remaining half of his appellate brief, Echols argues that trial counsel was ineffective by failing to discredit the affidavit supporting the search warrant that was issued to search his residence. Echols asserts that trial counsel failed to argue that the affidavit did not establish that contraband had been personally observed at the residence to be searched. Counsel was not ineffective for failing to raise this argument for two reasons. First, the court of appeals settled this issue when it reviewed the information contained in the affidavit and concluded that it provided sufficient information to establish probable cause that evidence of the robbery was likely to be found in the mobile home shared by Bruce and Terry Echols. *Echols*, 2015 Ark. App. 304, at 10–11, 462 S.W.3d at 358. Second, Echols misstates the standard. We have made clear that evidence supporting a valid search warrant can be either direct or circumstantial and must show that contraband or evidence of a crime sought is likely in the place to be searched. *Yancey v. State*, 345 Ark. 103, 115, 44 S.W.3d 315, 322, (2001). There is no requirement that the affidavit provide indisputable direct

evidence that contraband or evidence was seen in the place to be searched, as Echols contends. The failure to make such a meritless argument is not ineffective assistance of counsel. *State v. Rainer*, 2014 Ark. 306, at 8, 440 S.W.3d 315, 320.

For his second allegation of error regarding the affidavit, Echols contends that counsel failed to argue that the affidavit lacked a sufficient time reference. However, the record demonstrates that the affidavit set forth the date and time of the bank robbery; the date and time Terry Echols was stopped, questioned, and searched after having been reported to be in possession of stolen money; and the date that Bruce Echols was interviewed. Providing the date and time when information was discovered is sufficient to meet the time-reference standard. *See Wagner v State*, 2010 Ark. 389, at 11, 368 S.W.3d 914, 924; *George v. State*, 358 Ark. 269, 284–85, 189 S.W.3d 28, 37 (2004). Echols contends that the affiant was required to identify the specific time when the contraband was observed. However, we have explained that time reference is crucial because a magistrate must know that criminal activity or contraband exists where the search is to be conducted at the time of the issuance of the warrant, not that it may have been there weeks or months before. *Collins v. State*, 280 Ark. 453, 456–57, 658 S.W.2d 877, 879 (1983). Here, the affidavit set forth a sufficient time frame from which a magistrate could conclude that there was a fair probability that contraband connected with a recent bank robbery existed at the residence of Bruce and Terry Echols at the time the warrant was issued.

Echols's third allegation of error regarding the affidavit—that the affidavit did not demonstrate the reliability of the informant—was not raised in his Rule 37 petition, and, because an appellant is limited by the scope and nature of arguments presented below, we

cannot consider arguments raised for the first time on appeal. *Woods v. State*, 342 Ark. 89, 93, 27 S.W.3d 367, 370 (2000). To the extent that Echols is alleging that the facts set forth in the affidavit were not sufficiently reliable as alleged in his Rule 37.1 petition, as stated above, the court of appeals found that the information contained in the affidavit was sufficiently reliable to establish probable cause for the search. *Echols*, 2015 Ark. App. 304, at 10–11, 462 S.W.3d at 358.

Echols further contends that counsel failed to argue that the defects in the search warrant's affidavit were so egregious that the good-faith exception[4] to the exclusionary rule did not apply to the search of his residence. Because the trial court found that the warrant was valid and supported by probable cause, counsel was not ineffective for failing to raise this argument. *See Blanchett v. State*, 368 Ark. 492, 497, 247 S.W.3d 477, 481 (2007) (because arrest warrant was found to be valid, we declined to address argument that good-faith exception was not applicable).

In his final assignment of error regarding the affidavit supporting the search warrant, Echols asserts that counsel ineffectively allowed the prosecutor to bolster the affidavit with information gleaned from testimony presented during the suppression hearing. The testimony that Echols claims improperly supplemented the affidavit was testimony that Bruce lived with his brother, Terry Echols. However, a review of the affidavit demonstrates

---

[4]The good-faith exception to the exclusionary rule, which was announced by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984), wherein evidence that was obtained when police officers reasonably relied in good faith on a subsequently invalidated warrant was not subject to suppression, has been adopted and applied by this court. *See Starr v. State*, 297 Ark. 26, 31, 759 S.W.2d 535, 537 (1988); *see also Abbott v. State*, 307 Ark. 278, 283, 819 S.W.2d 694, 698 (1991).

that the first paragraph affirms that the address of the residence to be searched was occupied by both Terry and Bruce Echols, which was reliable information supplied by investigating officers based on statements made by Terry Echols when he was initially stopped and questioned.

Accordingly, the trial court did not clearly err when it denied Echols's claims for postconviction relief based on allegations of ineffective assistance of counsel in litigating the issues raised in the motion to suppress, and, therefore, we affirm. For the reasons set forth above, the petition for a writ of mandamus is denied, and Echols's pro se motion for a transcript and for leave to append his brief and his pro se motion for an extension of time to file a supplemental brief, and for an additional seven days to file a supplemental brief are moot.[5]

Affirmed; petition for writ of mandamus denied; motions moot.

*Bruce Allen Echols*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

---

[5]Echols's pro se motions requesting a copy of the trial transcript, and his motions to file a supplemental belated brief, as well as his motions for an extension to file a supplemental brief, and his motions for a continuance and motion to dismiss were filed in response to the State's alternative argument that evidence is otherwise admissible if the State proves by a preponderance of the evidence that the police would have inevitably discovered the evidence by lawful means. *McDonald v. State*, 354 Ark. 216, 225, 119 S.W.3d 41, 47 (2003) (citing *Nix v. Williams*, 467 U.S. 431, 445 (1984)). The State contended that even assuming that the affidavit was unreliable, because Echols confessed to the crimes at the same time his residence was being searched, the evidence would have been inevitably discovered based on Echols's confession. Because we find that the search warrant was supported by a reliable affidavit establishing probable cause, the motions are moot.

.