Cite as 2020 Ark. App. 496

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-657

| | |
|---|---|
| DANIEL LYNN HONEY<br>APPELLANT | **Opinion Delivered:** October 28, 2020 |
| | APPEAL FROM THE LOGAN<br>COUNTY CIRCUIT COURT,<br>NORTHERN DISTRICT<br>[NO. 42PCR-15-80] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JERRY RAMEY,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## PHILLIP T. WHITEAKER, Judge

Appellant Daniel Honey was originally convicted by a Logan County jury of one count of rape and one count of second-degree sexual assault in 2016. Our court reversed his convictions in *Honey v. State*, 2018 Ark. App. 217, 547 S.W.3d 483 (*Honey I*), holding that the circuit court erred in denying Honey's mistrial motions. The State retried Honey in February 2019, and a jury again convicted him of one count of rape and one count of second-degree sexual assault; he was sentenced to thirty years in the Arkansas Department of Correction. His attorney subsequently filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k) on the basis that an appeal would be without merit.[1] We denied his motion to be relieved and

---

[1] Honey was provided with a copy of his counsel's brief and informed of his right to file pro se points in both *Honey II* and the present proceedings, but he has not done so.

ordered rebriefing because his brief did not address every adverse ruling as required by Rule 4–3(k). *Honey v. State*, 2020 Ark. App. 335 (*Honey II*).

Counsel has now submitted a brief that purports to address the deficiencies we identified in *Honey II*. From our review of the record and the amended brief, we conclude that the abstract and addendum include all objections and motions decided adversely to Honey, and counsel adequately explains in the argument portion of his brief why there is nothing in the record that would arguably support an appeal.

The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Livingston v. State*, 2017 Ark. App. 15; *Wright v. State*, 2015 Ark. App. 300. From our review of the record and the brief presented to us, we find compliance with Rule 4–3(k) and conclude that there is no merit to an appeal.

Affirmed; motion to withdraw granted.

HARRISON and SWITZER, JJ., agree.

*King Law Group PLLC*, by: *W. Whitfield Hyman*, for appellant.

One brief only.