Cite as 2021 Ark. App. 104

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-20-330

|  |  |
|---|---|
| MARKELLE DEMETRICE DAVIS | **Opinion Delivered:** March 3, 2021 |
| APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT |
| V. | [NO. 46CR-19-321] |
| STATE OF ARKANSAS | HONORABLE BRENT HALTOM, JUDGE |
| APPELLEE | |
|  | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Markelle Davis was found guilty of first-degree murder by a Miller County jury at a trial held January 6–8, 2020. He was sentenced to thirty-three years' imprisonment. On appeal he argues that the circuit court erred when it (1) admitted evidence of a prior bad act and (2) allowed an officer to testify about a certain firearm and its magazines without qualifying the officer as an expert witness. We affirm.

At trial, Davis conceded in his opening statement that he shot and killed the victim, Jaqualyn Paxton, but that it was an accident stemming from horseplay. The defense framed the issue at trial as a matter of which degree of homicide should apply.

Pertinent to this appeal, during the trial, evidence was introduced that on April 16, 2019, two friends were moving into a new apartment, and Davis was helping them move. Sometime before 9:30 p.m., Davis and several of his friends went to Walmart, where Davis was filmed inside the store with a gun in his possession. When they returned to the

apartment, they were eventually joined by Jaqualyn Paxton and Aailayah Pearson. Davis and Pearson began "play fighting," and sometime around midnight, several of the friends went outside to the parking lot where the "play fighting" escalated. Davis hit Pearson with his gun. Paxton intervened, pulling Davis's hair. Paxton and Davis took a few swings at each other and were broken up by Pearson and another friend. Pearson and Paxton were standing next to each other. Davis said, "I'll shoot both you bitches." He then raised his gun, cocked it, and shot Paxton in the head from about three feet away. Paxton died.

Davis left the scene and was later stopped by police. Officers found a 30-round extended magazine and some 9 mm rounds in the car, plus a regular 12-round short magazine on Davis's person. The gun was not recovered before trial.

Kameron Burns, one of the friends present that night, testified that Davis had the gun in his possession at Walmart that evening. When the State sought to introduce the video Burns filmed of Davis inside Walmart with his gun, Davis objected on the ground that it was evidence of a prior bad act that was not admissible under Ark. R. Evid. 404(b). The court overruled the objection stating that it was relevant to show that he had the weapon on the day of the crime, res gestae to this particular offense.

Burns further testified that Davis's gun was a 9 mm Taurus G2C and that he had been with Davis when Davis purchased the extended magazine for the gun. He also testified that Davis owned two magazines, the extended one and the standard one that came with the gun. Pearson testified that in the apartment before the shooting, Davis had the gun and the extended magazine with bullets in it.

Shane Kirkland of the Texarkana Police Department Criminal Investigation Division testified that he was the lead detective in the investigation of Paxton's murder. He said that one of the magazines recovered was for a Taurus G2 with the model number and manufacturer stamped on it, that Taurus normally sells two magazines per gun if bought from a dealer, and that the magazines normally are 12-round magazines for this particular model. The other magazine recovered was not a factory-issued magazine but rather an extended magazine issued by ProMag, which was compatible with the Taurus G2 because the two magazines have the same magazine catch, location, and size as well as other identical features.

He testified that the design of the ProMag magazine is the same as the Taurus-issued magazine except for its length. At that point, Davis objected to Kirkland's testimony "as to the [magazine] fitting the gun" on the ground that Kirkland is not a firearms expert. The circuit court overruled the objection stating that the State had not qualified Kirkland as an expert witness and that he was testifying to his common knowledge about magazines. The circuit court stated that it did not hear any expert testimony because Kirkland gave his reasons for why he believed what he did about the gun and the magazines. Davis did not make a continuing objection to Kirkland's testimony, and Kirkland later testified without objection that the gun fired 9 mm ammunition, it was a semiautomatic pistol, and the user had to chamber a round in order to shoot it.

Deborah Britton, the state crime lab's forensics examiner, testified that the bullet removed from Paxton's body was a damaged copper full-metal-jacket bullet and that the cartridge casing found at the scene of the crime was an expended 9mm Luger-caliber

cartridge casing. Both were from the .38-caliber class family, and both could have come from a 9mm gun. She explained how the safety mechanism on a pistol works and that, when engaged, it will keep the gun from firing. She also testified that it takes pounds of finger pressure to pull a trigger and fire a gun.

The circuit court instructed the jury on first-degree murder, second-degree murder, and manslaughter. Davis was convicted of first-degree murder. He now appeals contending that the circuit court made two erroneous evidentiary rulings during the trial that merit reversal. First, he contends the circuit court erred by admitting the video of him in Walmart with a gun earlier that day. Second, he contends that the circuit court erred by admitting testimony of a police officer regarding the two magazines and their use with Taurus firearms without qualifying the officer as an expert witness.

Davis contends that the circuit court abused its discretion by admitting into evidence the video Burns made of Davis with his gun in Walmart the same day Davis shot Paxton. Davis objected that it was evidence of a prior bad act pursuant to Rule 404(b) of the Arkansas Rules of Evidence that should not have been admitted.

Rule 404(b) provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

From the bench, the court reasoned that

> [a]ll the Court knows at this point in time is that a gun was used. And I don't know what the testimony of this witness is going to be, but I am assuming that this was the gun that was used in the commission of the offense. So it would be relevant for that reason, to show he had the weapon used on that particular day, res gestae to this crime.

4

Rulings on the admissibility of evidence generally are matters within a circuit court's discretion, and those rulings are not disturbed on appeal absent a showing of an abuse of that discretion and prejudice. *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004). Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.*

While it is true that evidence of a person's bad acts generally is not admissible to show action in conformity therewith, Ark. R. Evid. 404(b) (2020), evidence of prior bad acts is admissible if it is independently relevant, that is, relevant to show a material fact other than that the accused is a criminal or bad person. *Spencer v. State*, 348 Ark. 230, 236, 72 S.W.2d 461, 464 (2002). Here, the evidence was independently relevant because the firearm was never recovered, and it put the defendant with a firearm with an extended clip that matched the description witnesses gave of the weapon he used to shoot Paxton. The video also shows that he was very comfortable with the gun, his friends were comfortable with his having the gun, and he was dressed in the same clothing he was wearing when he was arrested.

The term independently relevant, as it is used in Rule 404(b) discussion, means that the evidence must have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Williams v. State*, 343 Ark. 591, 602, 36 S.W.3d 324, 331 (2001); *see* Ark. R. Evid. 401. Any circumstance that ties a defendant to the crime is independently relevant and admissible as evidence. *Jackson v. State*, 359 Ark. 297, 305, 197 S.W.3d 468, 474 (2004).

The circuit court did not abuse its discretion when it found that the video was relevant evidence.

Davis next argues that the circuit court abused its discretion by allowing Detective Kirkland to testify about the gun and the two magazines Davis had for it. Arkansas Rule of Evidence 701 provides that

> [i]f the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are
>
> (1) Rationally based on the perception of the witness; and
>
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

Arkansas Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

After review, even if, for the sake of argument, we did agree with Davis that the testimony about the magazines was technical, Davis does not explain how he was prejudiced by the ruling. Prejudice must be demonstrated to reverse a circuit court on an evidentiary ruling, and prejudice is not presumed. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000). When the evidence erroneously admitted was merely cumulative, no prejudice results. *Id.*

Here, Burns testified that Davis's gun was a 9 mm 20 Taurus G2C and that he had been with Davis when Davis purchased the extended magazine for the gun. He also testified that Davis owned two magazines, the extended one and the standard one that came with the gun. Pearson testified that inside the apartment before the shooting, Davis had the gun

6

and the extended magazine with bullets in it. Photographs of Davis with the gun and the extended magazine were admitted into evidence. Thus, because Kirkland's testimony was cumulative, there is no prejudice to Davis from its admission, and we affirm.

Affirmed.

HARRISON, C.J., and WHITEAKER, J., agree.

*Joseph C. Self*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.