Cite as 2023 Ark. App. 12

# ARKANSAS COURT OF APPEALS
### DIVISION II
No. CR-22-147

|  |  |
|---|---|
| JOHNNY LEE NICHOLS | Opinion Delivered January 18, 2023 |
| APPELLANT | |
| | APPEAL FROM THE POPE |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 58CR-21-361] |
| | |
| STATE OF ARKANSAS | HONORABLE JAMES DUNHAM, |
| APPELLEE | JUDGE |
| | |
| | AFFIRMED; MOTION TO |
| | WITHDRAW GRANTED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Johnny Lee Nichols was arrested in Russellville, Arkansas, on March 7, 2021, for possession of methamphetamine. On March 8, the Pope County District Court entered an order finding probable cause and setting pretrial release conditions, setting bail at $7500 and ordering Nichols to appear in the Pope County Circuit Court on April 5, 2021. Nichols signed the order, acknowledging that he had received a copy of the order and understood the conditions of pretrial release. However, Nichols did not appear in court on April 5, resulting in an additional charge of failure to appear, a Class C felony, being filed against him and a bench warrant being issued for his arrest. After a bench trial, Nichols was found guilty of failing to appear, and he was sentenced, as a habitual offender with more than five prior felony offenses, to six years in the Arkansas Department of Correction, with

an additional eight-year suspended imposition of sentence, to run concurrently with the sentence imposed in case No. CR-22-146.[1]

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1) (2022), Nichols's counsel has filed a no-merit brief, along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit on appeal. The clerk of this court provided Nichols with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. Nichols has filed pro se points, and the State has filed a brief in response to those points. We affirm Nichols's conviction and grant counsel's motion to withdraw.

Nichols's counsel addresses the sufficiency of the evidence supporting the failure-to-appear conviction. Counsel cites *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995), for the proposition that there is no need for a defendant to make a motion on the sufficiency of the evidence in a bench trial in order to raise the issue on appeal. However, *Strickland* was overturned by a 1999 amendment to Arkansas Rule of Criminal Procedure 33.1, which provides that in a nonjury trial, a motion for dismissal must be made at the close of all the evidence and shall state the specific grounds for the motion; if this is not done, any argument pertaining to the sufficiency of the evidence is waived. Because there was no motion to

---

[1]*Nichols v. State*, 2023 Ark. App. 11, which is also being handed down today, is a companion case involving Nichols's conviction for the possession of methamphetamine on March 7, 2021.

dismiss the failure-to-appear charge at the close of all the evidence, any sufficiency argument is not preserved for appellate review.

Nevertheless, had the sufficiency argument been preserved, there is no meritorious argument for reversal to be made. To be convicted of failure to appear under Arkansas Code Annotated section 5-54-120(b)(2) (Supp. 2021), the State must prove the defendant (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, (4) upon the condition that he appear at a specified time, place, and court. *Hyatt v. State*, 2020 Ark. App. 390, 607 S.W.3d 180. Documentary proof of the court's verbal or written order to appear in a court at a specific time and place is required. *Id.* At trial, Nichols first blamed his bail bondsman for giving him the incorrect date to appear, but he then admitted that he spoke with his bondsman after he had failed to appear, and he tacitly admitted the failure to appear was his fault. When shown the order that he signed stating he was to appear in the Pope County Circuit Court on April 5, Nichols did not deny signing the order but simply said he had been trying to get out of jail, and it was "confusing." The evidence presented was sufficient to support Nichols's conviction for failure to appear.

Counsel also addresses three other adverse rulings. Two of the adverse rulings occurred after Nichols testified on direct examination that he had never had the opportunity to address other circuit courts concerning his prior charges and convictions. On cross-examination, the prosecutor asked Nichols what he would have told the Washington County Circuit Court when he was convicted in 2003; Nichols's counsel objected on the basis of speculation, and the objection was overruled. The prosecutor then asked Nichols what he

would have said to the Benton County Circuit Court when he was convicted of four offenses, and counsel again objected on the basis of speculation, which was also overruled.

Rulings on the admissibility of evidence generally are matters within a circuit court's discretion, and those rulings are not disturbed on appeal absent a showing of an abuse of that discretion and prejudice. *Davis v. State*, 2021 Ark. App. 104. A witness must have personal knowledge of the matter about which he is testifying. Ark. R. Evid. 601 (2022). Here, Nichols claimed that he had never been allowed to address the circuit courts that had found him guilty of his prior convictions. The prosecutor gave Nichols the opportunity to state what he would have told the circuit courts in his prior cases. Nichols would be the only person with personal knowledge of what he had wanted to say to the circuit courts. These adverse rulings do not form a meritorious basis for reversal of Nichols's conviction.

The last adverse ruling addressed by counsel concerned Nichols's request to be sent to drug rehabilitation instead of to prison. Nichols's former employer, Ben Green, testified that he believed Nichols would be better served in a rehabilitation center rather than prison, and he was willing to help Nichols in any way he could. The circuit court fined Nichols $150 and sentenced him to six years in the Arkansas Department of Correction followed by an eight-year suspended imposition of sentence with a special condition that Nichols obtain a substance and mental-health assessment and follow all recommendations of the evaluator during his suspended sentence.

A person convicted of a Class C felony shall be sentenced to not less than three years nor more than ten years. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2013). However, a person

4

who has previously been convicted of four or more felonies shall be sentenced as a habitual offender to an extended term of not more than thirty years for a Class C felony. Ark. Code Ann. § 5-4-501(b)(2)(D) (Supp. 2021). The circuit court's sentence is well within the range of punishment allowed by the statute.

Nichols has also filed pro se points. One of his pro se points concerns the sufficiency of the evidence, which has been addressed above. Nichols also argues that the circuit court lacked subject-matter jurisdiction to hear his case. The issue of jurisdiction is one that can be raised at any time, even for the first time on appeal. *Baldwin v. State*, 74 Ark. App. 69, 45 S.W.3d 412 (2001). Nichols's argument is meritless because the circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Wolfe v. Payne*, 2021 Ark. 87, 622 S.W.3d 625. Moreover, a circuit court has personal jurisdiction over offenses committed within the county over which it presides. *Id.* It is undisputed that Nichols failed to appear in the Pope County Circuit Court when ordered to do so. The circuit court had jurisdiction to preside over Nichols's trial and conviction, and his jurisdictional challenge fails. The remainder of Nichols's pro se points are not preserved for appellate review because they were never raised to the circuit court. An appellant must raise an issue, including constitutional issues, in the circuit court and support it with a sufficient argument and legal authority, if there is any, to preserve it for an appeal; if a particular theory was not presented to and ruled upon by the circuit court, then the theory will not be reviewed on appeal. *Schermerhorn v. State*, 2016 Ark. App. 395, 500 S.W.3d 181.

When filing a no-merit brief, the test for counsel is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Honey v. State*, 2020 Ark. App. 496. Pursuant to *Anders*, however, we are required to fully examine all the proceedings to determine whether an appeal would be wholly frivolous. *Williams v. State*, 2021 Ark. App. 164. From our review of the record and the brief presented to us, we conclude there is compliance with *Anders* and Rule 4-3(b) and that there are no nonfrivolous arguments that could serve as the basis for an appeal. We affirm Nichols's conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER and MURPHY, JJ., agree.

*Samuel F. Eastman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.