Cite as 2023 Ark. App. 11

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-22-146

| | |
|---|---|
| JOHNNY LEE NICHOLS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 18, 2023<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-21-302]<br><br><br>HONORABLE JAMES DUNHAM, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**STEPHANIE POTTER BARRETT, Judge**

This is a no-merit appeal following Johnny Nichols's conviction by bench trial in the Pope County Circuit Court for one count of possession of a controlled substance (methamphetamine) to which he was sentenced to seventy-two months in the Arkansas Department of Correction ("ADC") with an additional ninety-six-month suspended imposition of sentence ("SIS"), to run concurrently with the sentence he received in case No. CR-22-147. Nichols's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2021), along with a motion to be relieved as counsel, asserting there is no issue of arguable merit on appeal. Under *Anders*, counsel seeking to withdraw from representation must satisfy this court that he or she has thoroughly reviewed the record for appealable issues and explain why any potential issue is frivolous for appellate purposes. The clerk of this court served Nichols with a copy of his

counsel's brief and notified him of his right to file a pro se statement of points for reversal. Nichols has filed pro se points, and the State has filed a response. We affirm and grant counsel's motion to withdraw.

On March 30, 2021, Nichols was charged, as a habitual offender, with one count of possession of a controlled substance pursuant to Ark. Code Ann. § 5-64-419(b)(1)(A) (Supp. 2021). Nichols waived his right to a jury trial and consented to a bench trial.[1] On November 3, 2021, the bench trial took place.[2] Officer Westcott testified that he arrived at a Russellville Walmart to assist another officer with a shoplifting in progress when he came into contact with Nichols. During his conversation with Nichols, he noticed the clip of a pocketknife sticking out of Nichols's pocket, and the pocketknife was removed for safety. Nichols consented to a search, which revealed "a clear plastic bag containing a crystal-like substance, suspected to be methamphetamine" in Nichols's right pocket.

At trial, Nichols testified and admitted being in possession of a controlled substance at the time of his arrest. He further testified that he was not trying to contest his charges but rather wanted the opportunity to be heard by the court about his ability to change.

On cross-examination, the State asked Nichols what he would have told the Washington County Circuit Court when he was convicted in 2003; Nichols's counsel objected on the basis

---

[1]*Nichols v. State*, 2023 Ark. App. 12, which is also being handed down today, is a companion case involving Nichols's conviction for a failure to appear charge on April 5, 2021.

[2]At the beginning of trial, the circuit court admitted six of the State's exhibits that had been stipulated admissible. Relevant to this appeal, State's exhibit 2, the Arkansas State Crime Laboratory report, indicated that the methamphetamine found on Nichols weighed 0.5324 grams.

of speculation, and the objection was overruled. The State then asked Nichols what he would have said to the Benton County Circuit Court when he was convicted of four offenses, and counsel again objected on the basis of speculation, which was also overruled. At the close of the defense's case, the circuit court found Nichols guilty of one count of possession of a controlled substance and sentenced him to seventy-two months in the ADC with an additional ninety-six-month SIS, and his counsel filed this no-merit appeal.

Counsel first addresses the circuit court's overruling of the two objections made during Nichols's testimony on the basis of speculation. Rulings on the admissibility of evidence generally are matters within a circuit court's discretion, and those rulings are not disturbed on appeal absent a showing of an abuse of that discretion and prejudice. *Davis v. State*, 2021 Ark. App. 104. Under Arkansas Rule of Evidence 602, a witness may not testify to a matter unless evidence is introduced that is sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the testimony of the witness himself. *Id.*

Nichols's testimony that he wanted the opportunity to be heard by the circuit court because he had not been allowed to do so in prior criminal proceedings evidenced that he had the requisite personal knowledge to testify as to what he would have said to the court in previous hearings had he been given the opportunity. A witness's own testimony is sufficient evidence of personal knowledge under Rule 602; thus, there is no meritorious argument for appeal.

Counsel next addresses the sufficiency of the evidence to support the possession-of-a-controlled-substance conviction. Counsel cites *Strickland v. State*, asserting there is no need for a defendant to make a motion on the sufficiency of the evidence in a bench trial in order to raise

3

the issue on appeal. *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995). That is incorrect. *Strickland* was overturned by a 1999 amendment to Arkansas Rule of Criminal Procedure 33.1, which provides that in a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence and state the specific grounds therefor. The rule further states that a failure to move for dismissal will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(b)(c). Because a motion for dismissal was never made in this case, the sufficiency argument is not preserved for our review and is waived on appeal.

Nevertheless, had there been a preserved sufficiency argument for Nichols, his conviction would still be affirmed. Nichols testified he was in possession of a controlled substance when he was arrested. A defendant's confession made in open court warrants a conviction. Ark. Code Ann. § 16-89-111 (Supp. 2021); *see Hickson v. State*, 50 Ark. App. 185, 901 S.W.2d 868 (1995). Officer Westcott testified that he found a "clear plastic bag containing a white crystal-like substance" on Nichols that he suspected was methamphetamine. Further, a conviction pursuant to Ark. Code Ann. § 5-64-419(b)(1)(A) is a Class D felony if the person possessed an aggregate weight of less than two grams upon conviction. Here, the crime-lab report, which Nichols stipulated to, confirmed the substance was methamphetamine and weighed 0.5324 grams.

Counsel next addresses the circuit court's decision to sentence Nichols to a term of incarceration rather than send him to a rehabilitation facility. The required sentence for a Class D felony shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). However, a person who has previously been convicted of four or more felonies shall be sentenced as a habitual offender to an extended term of not more than fifteen years for a Class D felony. Ark.

4

Code Ann. § 5-4-501(b)(1)(A)(i)–(ii) & (2)(E) (Supp. 2021). Accordingly, Nichols's sentences were not illegal, and there is no meritorious argument for reversal.

Finally, Counsel addresses Nichols's two pro se posttrial motions that were filed after he had filed the notice of appeal in this case. An appellant who files a notice of appeal prior to the entry of the order on the request for a ruling on an omitted issue may then amend the notice of appeal to include an appeal of the order disposing of the request, provided that the amendment to the notice of appeal is made within the thirty-day time frame permitted for filing the notice of appeal. *Echols v. State*, 2016 Ark. 225, 492 S.W.3d 846. Nichols did not file an amended notice of appeal within this time limit; therefore, we are precluded from reviewing his posttrial motions. *Id.*

Nichols has also filed pro se points. One of his pro se points concerns the sufficiency of the evidence, which has been addressed above. Nichols also argues that the circuit court lacked jurisdiction over a "flesh and blood man" because the State of Arkansas and the circuit court are corporations. The issue of jurisdiction is one that can be raised at any time, even for the first time on appeal. *Baldwin v. State*, 74 Ark. App. 69, 45 S.W.3d 412 (2001). However, Nichols's argument is meritless because the circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Wolfe v. Payne*, 2021 Ark. 87, 622 S.W.3d 625. Moreover, a circuit court has personal jurisdiction over offenses committed within the county over which it presides. *Id.* It is undisputed that Nichols committed the crime of possession of a controlled substance in Pope County. Therefore, it cannot be disputed that the Pope County Circuit Court has jurisdiction to preside over Nichols's trial and conviction. Thus, Nichols's jurisdictional challenge fails. The remainder of Nichols's pro se points are not

5

preserved for appellate review because they were never raised in the circuit court. An appellant must raise an issue, including constitutional issues, in the circuit court and support it with a sufficient argument and legal authority, if there is any, to preserve it for an appeal; if a particular theory was not presented to and ruled upon by the circuit court, then the theory will not be reviewed on appeal. *Schermerhorn v. State*, 2016 Ark. App. 395, 500 S.W.3d 181.

When filing a no-merit brief, the test for counsel is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Honey v. State*, 2020 Ark. App. 496. Pursuant to *Anders*, however, we are required to fully examine all the proceedings to determine whether the case is wholly frivolous. *Williams v. State*, 2021 Ark. App. 164. From our review of the record and the brief presented to us, we conclude there is compliance with *Anders* and Rule 4-3(b) and that there is no nonfrivolous argument that could serve as the basis for an appeal. Thus, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER and MURPHY, JJ., agree.

*Samuel F. Eastman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.