SLIP OPINION

Cite as 2015 Ark. 166

# SUPREME COURT OF ARKANSAS

No. CR-12-759

|  |  |  |
|---|---|---|
| BRANDON CARTER | | Opinion Delivered April 16, 2015 |
| | APPELLANT | PRO SE APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-06-64] |
| V. | | |
| | | HONORABLE LARRY CHANDLER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

In 2007, a jury found appellant, Brandon Carter, guilty of two counts of aggravated robbery and one count of first-degree battery, and sentenced him to an aggregate sentence of 1200 months' imprisonment. The Arkansas Court of Appeals affirmed the jury verdict and sentence. *Carter v. State*, 2010 Ark. App. 611. Subsequently, Carter filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007), asserting claims of ineffective assistance of counsel. The trial court denied Carter's petition. Carter then filed a motion for modification or reconsideration of the trial court's order, arguing that the trial court failed to provide the required rulings on each of the issues raised in the Rule 37.1 petition. Subsequently, Carter filed a timely notice of appeal of the order denying his petition. When the trial court did not rule on the motion, Carter filed a petition for writ of mandamus in which he asked this court to compel the trial court to rule on the motion. Holding that the trial court failed to make the required rulings on each of the issues raised in the Rule 37.1 petition and that Carter properly filed a motion

SLIP OPINION

to obtain these rulings, this court granted the petition for writ of mandamus and directed the trial court to act on appellant's pending motion. *Carter v. Chandler*, 2012 Ark. 252 (per curiam). In its order denying the motion for modification or reconsideration, the trial court addressed Carter's claims that had not been addressed in the order denying postconviction relief. Carter has lodged this appeal; however, our review is limited to his appeal of the trial court's original order denying his petition.[1]

On appeal, Carter contends that the trial court erred in not granting his petition, arguing that counsel was remiss in failing to object when, two days before trial, the State filed a second amended information to add a count of aggravated robbery against a second victim, or to file a continuance as a result of the amendment; that counsel should have moved to dismiss the second amended information based on an apparent allegation of intentional delay by the prosecutor; and that reversible error occurred as a result of the trial court's denial of his petition without a hearing.[2]

---

[1]Because Carter did not amend his notice of appeal after the trial court's entry of the order denying the motion for modification or reconsideration he cannot appeal the trial court's findings as to any issues addressed by the trial court for the first time in that order. In our per curiam order, this court directed that Carter's notice of appeal be treated as having been filed the day after the trial court's modified order was entered. However, pursuant to *Lewis v. State*, 2012 Ark. 255, 432 S.W.3d 16 (per curiam), Carter was still required to amend his notice of appeal to include the modified order within the period of time permitted for filing the notice of appeal. He did not amend his notice of appeal to include the modified order; therefore, we cannot address Carter's argument on appeal that counsel was ineffective based on the failure to raise a double-jeopardy claim because that issue was addressed only by the trial court's order denying the motion for modification or reconsideration.

[2]We do not address the allegation in the petition that counsel was ineffective based on the failure to renew the motion for directed verdict. All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d

SLIP OPINION

This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Applying this standard of review, we hold that the trial court's decision was not clearly erroneous in denying postconviction relief based on the claims addressed by the trial court in its order and raised by appellant on appeal.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d

104 (2007)).

290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477. The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id*. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Carter was initially charged with one count of aggravated robbery against Travis

Young. The affidavit for warrant of arrest attached to the information stated that officers responded to a reported shooting and robbery at a laundromat owned by Travis and Inez Young, and they found Mr. Young with two gunshot wounds and Ms. Young with a grazing wound. According to the affidavit, witnesses stated that three black males shot and robbed Travis and Inez Young before running from the laundromat. The information was subsequently amended to also charge Carter with first-degree battery against Mr. Young. Two days before trial, the State filed a second amended information charging appellant with an additional count of aggravated robbery as against Ms. Young.

As he did in his petition, Carter first contends on appeal that he received ineffective assistance based on the failure of counsel to challenge the filing of the second amended information two days before trial to add the count of aggravated robbery against Ms. Young, or to move for a continuance based on its filing. He argues that, in violation of Arkansas Code Annotated section 16-85-407 (Repl. 2005), the addition of the second aggravated-robbery charge twenty months after he was first charged with one count of aggravated robbery impermissibly changed the nature or degree of the offense, as well as created unfair surprise and impeded his ability to raise his defense.[3] Carter summarily asserts that, because the affidavit

---

[3]To the extent that Carter is alleging that the unfair surprise was due to counsel's failure to inform him of the amendment until the morning of trial rather than as a result of the State's filing of the amendment two days before trial, he makes no convincing argument and provides no factual substantiation for the allegation that the defense was prejudiced by any alleged delay of counsel in informing him of the amendment. The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Anthony v. State*, 2014 Ark. 195 (per curiam); *Abernathy*, 2012

only included allegations of a single robbery being planned and committed against one victim, Mr. Young, the timing of the filing of the second amended information resulted in a lack of time to prepare a defense against the additional count of aggravated robbery, a lack of time to investigate and interview Ms. Young,[4] and the negation of his prepared trial defense. In its order denying postconviction relief, the trial court found that counsel was not ineffective on this basis. Referring to the facts alleged in the affidavit for warrant of arrest, the trial court concluded that, because Carter was aware from the outset that the State was contending that there were two victims in the case, there was no surprise or change in the nature or degree of the charges based on the filing of the second amended information to support a motion to quash or for a continuance.

The State is entitled to amend an information at any time prior to the case being submitted to the jury as long as the amendment does not change the nature or the degree of the offense charged or create an unfair surprise. *Dodge v. State*, 2014 Ark. 116 (per curiam); *Green v. State*, 2012 Ark. 19, 386 S.W.3d 413; *see also* Ark. Code Ann. § 16-85-407(b) (Repl. 2005) ("However, no indictment shall be amended nor bill of particulars filed so as to change the nature of the crime charged or the degree of the crime charged."). Section 16-85-407

---

Ark. 59, 386 S.W.3d 477.

[4]In support of his claim on appeal that a continuance was necessary to allow counsel time to interview Ms. Young and investigate the second count of aggravated robbery, Carter also alleges that counsel was not aware until after the trial had begun that appellant did not shoot Ms. Young as part of an effort to commit theft against her but, instead, shot her as she was going to get a gun that was kept at the washateria when she saw appellant shooting at Mr. Young. However, Carter does not provide any support for the allegation that counsel had not interviewed Ms. Young and was not aware of the details of the incident prior to trial.

provides a defendant with protection against being prejudiced through surprise by the filing of an amended information. *Hoover v. State*, 353 Ark. 424, 108 S.W.3d 618 (2003). Even where there is a change in the nature or degree of the offense, this court will analyze whether there was adequate notice and whether the defendant was prejudiced. *Id.* Where an amendment misleads or impedes a defendant in making a defense, a motion to quash under section 16–85–407 may be proper. *Id.*

Here, with regard to counsel's decision not to move to quash the second amended information or for a continuance, Carter fails to overcome the presumption that counsel was effective under the *Strickland* standard. While Carter asserts on appeal as he did in his petition that counsel was remiss in not challenging the second amended information based on a change in the nature or the degree of the offense and unfair surprise, he fails to properly provide any factual substantiation for his conclusory claims.[5] Unsubstantiated conclusions do not demonstrate under *Strickland* that there was any basis for a finding of ineffective assistance of counsel. *Nelson v. State*, 2014 Ark. 28 (per curiam). To prevail under *Strickland*, Carter was

---

[5]On appeal, Carter goes beyond the claims raised in his petition by providing additional allegations and information to shore up the conclusory allegations in the petition that counsel was ineffective for failing to file a motion to quash or for a continuance. As the trial court did not have the additional information when it ruled on the Rule 37.1 petition, Carter is not permitted to bolster the claims with additional allegations and argument provided for the first time on appeal. Because an appeal from an order denying postconviction relief is the review of the decision made by the trial court based on the petition before it, an appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal or add factual substantiation to the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam); *see Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193 (per curiam); *Hogan v. State*, 2013 Ark. 223 (per curiam).

SLIP OPINION

required to establish with facts that counsel made some error so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *See Nelson*, 2014 Ark. 28; *see also Abernathy*, 2012 Ark. 59, 386 S.W.3d 477. As described herein, the affidavit filed in support of the original information specifically referred to Travis and Inez Young as victims, stating that witnesses saw three black males shoot and rob both Travis and Inez Young. Carter does not demonstrate how the addition of the second charge of aggravated robbery as against Ms. Young impeded his ability to prepare his defense to support a finding that counsel was ineffective under the *Strickland* test. Further, to meet the second prong of the *Strickland* test, an appellant must do more than allege prejudice; he must demonstrate it with facts. *Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252. Carter did not meet his burden of stating facts that affirmatively supported his claims of prejudice; accordingly, the trial court did not err in denying relief. *See Thacker v. State*, 2012 Ark. 205 (per curiam); *Jones v. State*, 2011 Ark. 523 (per curiam); *Payton v. State*, 2011 Ark. 217 (per curiam).

In a related claim, Carter seems to allege that counsel was remiss in failing to argue that the information should be dismissed because the prosecutor intentionally delayed charging him with the second count of aggravated robbery to obtain a tactical advantage, in violation of Arkansas Constitution, amendment 21, section 1. As stated herein, the burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will

not warrant granting postconviction relief. *Anthony*, 2014 Ark. 195; *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477. Here, Carter's argument based on intentional delay by the prosecutor is limited to a conclusory allegation, and he fails to provide any facts to support his claim.[6]

Finally, Carter contends in his brief that it was reversible error for the trial court to deny his petition without a hearing when it "failed to conclusively show by the record" that he was not entitled to relief and did not specify in the order which parts of the record it relied on in denying the petition.[7] It appears that Carter is basing this claim on the trial court's denial of his motion for modification or reconsideration. However, in that order, the trial court addressed the issues omitted from the original order, and Carter does not allege that the trial court failed to address any particular claims in his petition. Arkansas Rule of Criminal Procedure 37.3 (2007) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Lemaster v. State*, 2013 Ark. 449 (per curiam); *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). When it dismisses a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. Our

---

[6]Carter also seems to argue for the first time on appeal that the two counts of aggravated robbery were improperly joined based on the resulting confusion of the jury. This claim will not be considered as it is being raised for the first time on appeal. Arguments raised for the first time on appeal could not have been considered by the trial court and will not be addressed by this court. *Pollard v. State*, 2014 Ark. 226 (per curiam).

[7]While this court stated in *Carter*, 2012 Ark. 252, that an evidentiary hearing had been held in this matter, it appears from the record before us that a hearing was not held.

review of the order denying postconviction relief, as supplemented by the order denying motion for modification or reconsideration, shows that, in compliance with Rule 37.3, the trial court made the requisite written findings in addressing each of the claims raised in the petition.

Affirmed.

*Brandon Carter*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.