SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-13-614

| | |
|---|---|
| DAVID EDWARD McLAUGHLIN<br>APPELLANT | Opinion Delivered September 24, 2015 |
| V. | PRO SE MOTION TO INTRODUCE CASE LAW AND PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-11-352] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | MOTION DENIED; ORDER AFFIRMED. |

## PER CURIAM

In 2012, appellant David Edward McLaughlin was found guilty by a jury in the Garland County Circuit Court of commercial burglary and criminal mischief in the first degree. He was sentenced as a habitual offender to an aggregate term of 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *McLaughlin v. State*, 2013 Ark. App. 26.

McLaughlin subsequently filed in the circuit court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). By order entered May 20, 2013, the circuit court summarily denied the petition without an evidentiary hearing, and McLaughlin timely filed a notice of appeal from the order on June 12, 2013. On June 13, 2013, the circuit court entered a second order denying postconviction relief in which it made more specific findings of fact and conclusions of law.[1] No subsequent or amended

---

[1] The record reflects that a letter from McLaughlin was received by the circuit clerk on May 28, 2013. In the letter, directed to the circuit clerk, McLaughlin requested the specific

notice of appeal was filed.

Now before us is McLaughlin's motion seeking leave to introduce case law. Specifically, he requests permission to amend his brief-in-chief to add citation to a case, which he contends supports the proposition that the circuit court lacked jurisdiction to enter a second order denying relief after the notice of appeal had been filed. Because it is well settled that the circuit court does not lose jurisdiction to enter any further rulings in a Rule 37.1 proceeding until a notice of appeal has been filed *and* the record is lodged in the appellate court, we deny the motion. *See Garcia v. Arnold*, 2012 Ark. 253 (per curiam). We note, however, that our review is limited to the circuit court's first order, entered May 20, because McLaughlin did not amend his notice of appeal after entry of the June 13 order. *See Carter v. State*, 2015 Ark. 166, 460 S.W.3d 781.

As the matter has been fully briefed by both parties, we now turn to the merits of the appeal. This court will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

We first address McLaughlin's argument that the circuit court erred in denying the Rule 37.1 petition without holding an evidentiary hearing. Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief.

---

grounds on which the circuit court based its denial of postconviction relief. The letter was not file-marked.

SLIP OPINION

*Johnson v. State*, 2014 Ark. 74. When the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Johnson*, 2014 Ark. 74. When the circuit court fails to make such findings, it is reversible error, except in cases where it can be determined from the record that the petition is wholly without merit or which the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Johnson*, 2014 Ark. 74.

There is no requirement that the court grant an evidentiary hearing on an allegation other than one of specific facts from which it can be concluded that the petitioner suffered some actual prejudice. *McDaniels v. State*, 2014 Ark. 181, 432 S.W.3d 644. The strong presumption in favor of counsel's effectiveness cannot be overcome by a mere possibility that a hearing might produce evidence to support an allegation contained in a petition for postconviction relief. *Id.* Despite the absence of specific findings in the instant case, it is evident from the face of the petition and the record that no relief was warranted.

In his remaining points on appeal, McLaughlin argues that the circuit court erred in not finding that counsel rendered ineffective assistance in failing to file a motion to suppress evidence, failing to object to additional witnesses called by the State and to a crime-lab form introduced by the State, failing to cross-examine the State's final six witnesses, and failing to request that a juror be removed from the jury. When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the

Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18,

238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

As his first claim of ineffective assistance, McLaughlin argues that trial counsel was ineffective in failing to file a motion to suppress the introduction of a soft-drink bottle that was entered into evidence by the State. Specifically, he asserts that there are questions regarding the chain of custody and the foundation or authentication of the bottle, and, in support of his contentions, he points to alleged discrepancies in Detective Mike Brown's testimony regarding the description of the bottle and the time the bottle was entered into evidence at the police department. He also points to "Property Inventory Forms" that indicate that the bottle was entered into evidence but do not include the color of the bottle or the name of the entering officer. McLaughlin further states that Detective Brown was "deceptive" throughout his testimony and that this "would leave you to believe he could also be deceptive about where the bottle originated from."

At trial, the State presented the testimony of several Hot Springs police officers and detectives and Arkansas State Crime Lab employees to establish the chain of custody of the soft-drink bottle. Detective Brown testified that he obtained a drink bottle during his crime-scene

investigation and that he placed the bottle into evidence at the Hot Springs Police Department. Detective Brown further testified that a viewing of the store's security-camera footage revealed that prior to the intruders' entrance, there were no drink bottles in the area of the crime scene. Edward Osborne testified that, at the time of the investigation, he worked in the property-and-evidence room of the Hot Springs Police Department and that he transported the drink bottle to the state crime lab for DNA testing. Kevin Sontag, an employee of the crime lab, testified that he examined the drink bottle for DNA evidence by swabbing the cap and the mouth of the bottle. Finally, Mary Simonson, a forensic DNA examiner at the crime lab, testified that the DNA obtained from the drink bottle matched McLaughlin's DNA. The drink bottle was then admitted into evidence by the State without objection.

When it is alleged that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious. *Leach v. State*, 2015 Ark. 163, 459 S.W.3d 795. Counsel is not ineffective for failure to make a motion or argument that is meritless. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001). The allegations raised in McLaughlin's Rule 37.1 petition, as well as those arguments raised on appeal, are conclusory and fail to establish that any motion to suppress made by trial counsel would have been granted by the circuit court. The State offered evidence to establish chain of custody in the instant case, and trial counsel did, in fact, argue that the chain of custody of the soft-drink bottle had not been established when he moved for a directed verdict, which was denied. As for McLaughlin's arguments regarding discrepancies in Detective Brown's testimony as to the color of the soft-drink bottle and the date that the bottle was entered into evidence,

SLIP OPINION

those discrepancies were elicited by trial counsel on cross-examination. Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law. *Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006).

As his second claim of ineffective assistance, McLaughlin argues that trial counsel was ineffective in failing to object to additional witnesses called by the State, as well as to the State's crime-lab form, and in failing to cross-examine the State's final six witnesses. On appeal, McLaughlin avers that the State's witnesses, Jonathan Burfiend and Kelly Dixon, were not included on the witness list that was provided to the defense prior to trial. According to McLaughlin, trial counsel should have objected to these witnesses, and his failure to do so was prejudicial. Again, McLaughlin's allegations are entirely conclusory, and he offers no factual substantiation to support his claim of prejudice. That is, he fails to allege that any objection to the witnesses would have been ruled on in favor of the defense or that, had trial counsel objected to these witnesses, there is a reasonable probability that the outcome of the trial would have been different. An appellant must do more than allege prejudice; he must demonstrate it with facts. *Garcia v. State*, 2013 Ark. 405 (per curiam).

Moreover, we note that McLaughlin failed to argue in his Rule 37.1 petition that trial counsel was ineffective in failing to object to the testimony of Kelly Dixon, and this allegation is not preserved for appellate review. Likewise, McLaughlin's remaining arguments regarding counsel's failure to object to the introduction of a crime-lab form and failure to cross-examine witnesses are also not preserved for appellate review. Claims not raised below will not be

SLIP OPINION

reviewed by this court on appeal. *Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212 (per curiam). We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam).

As his final claim of ineffective assistance, McLaughlin argues that trial counsel was ineffective in failing to ask that a juror be excused. Following jury selection and jury instructions, McLaughlin contends that a juror said "hello" to his mother. McLaughlin further contends that his mother informed him that the juror in question works at Waffle House and that he and the juror once "had words" with each other. McLaughlin states that he informed trial counsel of the matter, and it is his position that trial counsel should have requested that the juror be excused.

To prevail on an allegation of ineffective assistance of counsel with regard to the seating of the jury, a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). To accomplish this, a petitioner must demonstrate actual bias. *Id.* The actual bias must have been sufficient to prejudice the petitioner to the degree that he was denied a fair trial. *Id.* Here, McLaughlin did not assert in the Rule 37.1 petition, nor does he assert on appeal, that the juror in question recognized him as someone with whom she once had an altercation or that she was biased against him. McLaughlin's allegations that trial counsel should have requested that the juror be excused because she recognized his mother are conclusory and cannot overcome the presumption that counsel is effective. *Sherman v. State*, 2014 Ark. 474, 448 S.W.3d 704 (per

8

SLIP OPINION

curiam).

Based on the *Strickland* standard, we cannot say that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. As stated, this court will uphold the judgment of the circuit court denying postconviction relief unless the appellant demonstrates that the judgment was clearly erroneous. To establish that the circuit court erred in finding that counsel was not ineffective, the petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam); *see also Moore v. State*, 2014 Ark. 231 (per curiam). McLaughlin has not met that burden. Accordingly, the circuit court's order is affirmed.

Motion denied; order affirmed.