SLIP OPINION

Cite as 2016 Ark. 277

# SUPREME COURT OF ARKANSAS

No. CR-15-971

| | | |
|---|---|---|
| | | Opinion Delivered June 23, 2016 |
| CLINT BEAVERS | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [26CR-12-65] |
| V. | | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REVERSED AND REMANDED WITH INSTRUCTIONS. |

JOSEPHINE LINKER HART, Associate Justice

Clint Beavers filed in the circuit court a timely petition seeking postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure. The circuit court denied the petition, and Beavers appeals. On appeal, Beavers contends that his trial counsel made erroneous statements to him regarding his parole eligibility under a plea offer, which caused him to reject the plea offer and instead stand for trial, where he suffered a less favorable outcome. Because the circuit court's findings were clearly erroneous, we reverse and remand.

In *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1384 (2012), the United States Supreme Court has stated as follows:

> Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. *Frye*, *ante*, at 1386-1387, 132 S. Ct. 1399; *see also Padilla v. Kentucky*, 559 U.S. ___, ___, 130 S. Ct. 1473, 1486, 176 L. Ed.2d 284 (2010); *Hill*, *supra*, at 57, 106 S. Ct. 366. During plea negotiations defendants are "entitled to the effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed.2d 763 (1970).

*Lafler* squarely holds that defendants have a Sixth Amendment right to counsel, made applicable to this state by the Fourteenth Amendment, which extends to the plea-bargaining process.

The two-part *Strickland v. Washington*[, 466 U.S. 668 (1984)] test applies here for claims based on ineffective assistance of counsel. *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384. Under the performance prong of *Strickland,* a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at ___, 132 S. Ct. at 1384. To establish prejudice, a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Id.* at ___, 132 S. Ct. at 1385.

We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Montgomery v. State,* 2014 Ark. 122, at 2. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id.*

The minimum sentence for the rape charge that Beavers faced at trial was 25 years, and 70 percent of the term of imprisonment would have to be served to be eligible for parole. Ark. Code Ann. § 5-14-103(a)(3)(A), (c)(2) (Repl. 2013); Ark. Code Ann. § 16-93-618(a)(1)(D) (Supp. 2015). The case was originally set for trial on August 14, 2013. On that day, Beavers's

defense counsel, Mark Fraiser, informed the circuit court that the State had offered to reduce the rape charge to second-degree sexual assault and recommend a sentence of 20 years. We note that under our parole statutes, Beavers would have been eligible for parole for this offense after having served one-third of the sentence with credit for meritorious good time, which would translate into serving one-sixth of the time imposed if he earned maximum good time. Ark. Code Ann. § 5-14-125(b)(1) (Supp. 2015); Ark. Code Ann. § 5-4-401(a)(3); Ark. Code Ann. § 16-93-614(c)(3)(A); Code Ark. R. 154.00.1-1-4. Under the guidelines set forth by the Arkansas Sentencing Commission on the determination of the seriousness of the offense, this offense falls "below" the line, resulting in a sentence of one-third to one-sixth of the time imposed, while an offense that is "above" the line requires serving one-half to one-quarter of the time imposed. Ark. Code Ann. § 16-93-614(c)(3)(A).

Before the scheduled trial, Fraiser stated to the court that he had conveyed the plea offer to Beavers and his father and that they had rejected the offer. When asked by the court, Fraiser agreed that second-degree sexual assault was not a "70 percent offense." Fraiser stated, "It's a half to a fourth, and it was explained to them regarding that." The State asked, "Are you sure it's half and a quarter? I think it might be a third and a sixth." Fraiser noted that the crime was a Class B felony and stated, "I think this is above the line." The court stated, I think it's more likely it's above the line." Fraiser then stated, "But even if it was a third and a sixth—," and the court interjected, stating, "Is this correct, Mr. Beavers, you were—did discuss this with Mr. Fraiser—and your father, and rejected the State's offer, is that correct?" Beavers responded affirmatively.

3

The trial was rescheduled for November 14, 2013. Prior to trial, Fraiser informed the court that the State had previously made an "offer of 20 years on a reduced charge." Fraiser further stated that the offer and the parole-eligibility applications had been discussed, and the offer was rejected. The jury convicted Beavers, and he was sentenced to 25 years, of which he would have to serve 70 percent of the term of imprisonment to be eligible for parole.

Beavers filed a petition for postconviction relief claiming ineffective assistance of counsel. At the hearing on the petition, Beavers's father, Joel Beavers, testified that Fraiser had discussed with him that his son would have to serve 70 percent of a sentence on the rape charge and that the minimum sentence was 25 years. Joel Beavers testified that when Fraiser spoke to him about the plea offer, Fraiser told him that the sentence would be 20 years. Joel Beavers further testified that he understood that to mean that the plea offer was also a 70 percent offense and that Fraiser did not explain 70 percent offenses, "above" the line offenses, or "below" the line offenses. Joel Beavers agreed that he thought there was little difference between serving 70 percent of a 25-year sentence and serving 70 percent of a 20-year sentence.

Beavers also testified at the hearing. He testified that it was his understanding that the offer of 20 years differed only by five years from the 25-year offer. Beavers further testified that he did not know what was meant by an "above" the line offense or a "below" the line offense. He also testified that he did not know what was meant by one-quarter or one-half. He further testified that had everything been explained to him, he would have taken the plea offer.

At the hearing, Fraiser testified that he spoke to Joel Beavers about the 20-year plea offer and mistakenly told him that his son would serve one-half to one-quarter of the time

rather than one-third to one-sixth. He further testified that he spoke to Beavers but Beavers never indicated that he would take any plea except possibly probation. Fraiser also testified that the testimony of the victim and a witness and a statement Beavers gave to an investigator would establish that he committed the crime. Fraiser testified that he was "convinced" that one of the state's appellate courts would reverse the circuit court's denial of a motion to suppress Beavers's statement. He acknowledged, however, that no case law supported his legal theory for reversal.

The circuit court denied Beavers's petition. In its order, the court noted that the argument before the court was whether defense counsel failed to properly advise Beavers about his parole eligibility on the State's plea offer. First, the court found that the "ground argued, as a matter of trial strategy, does not provide the basis for Rule 37 relief." Second, the court found that Beavers had acknowledged on the trial record that "Fraiser had discussed the new plea offer with him and his father and that the record of those proceedings clearly indicates that there was substantial discussion about the fact that parole eligibility was substantially different, and [Beavers] acknowledged that the offer was being rejected." Third, the court found that Joel Beavers had testified that "even if the new offer had been properly explained to [Beavers], [Joel Beavers] would have advised his son not to accept it." Fourth, the court found that a "representation as to his opinion of the outcome of a case by counsel is not a ground cognizable under Rule 37."

On appeal from the circuit court's denial of his petition, Beavers argues that he received ineffective assistance of counsel because Fraiser incorrectly advised him about his parole

eligibility on the State's plea offer of 20 years. Beavers notes that he was charged with a crime with a minimum sentence of 25 years that required serving 70 percent of the term of imprisonment, or 17.5 years, before being eligible for parole. He further notes that the plea offer of 20 years was for an offense that would have required him to serve one-third to one-sixth of the sentence, or six years and approximately eight months to three years and two and one-half months to be eligible for parole. Beavers asserts that the testimony established that he was not properly advised about parole eligibility. Beavers recites his own testimony that had Fraiser explained everything to him, he would have taken the plea offer.

We hold that the circuit court's findings were clearly erroneous. First, the circuit court clearly erred in finding that the grounds raised by Beavers do not support the relief sought. As held by the United States Supreme Court in *Lafler*, a defendant is entitled to effective assistance of counsel during the plea-bargaining process.

Second, the circuit court clearly erred when it found that the trial record demonstrated that Beavers had acknowledged that Fraiser had discussed the new plea offer with him and his father and that the record of those proceedings clearly indicated that there was substantial discussion about the fact that parole eligibility was substantially different. Instead, the colloquy between the circuit court, Fraiser, and the State clearly indicates that Fraiser provided erroneous advice about parole eligibility as it related to the plea offer, with nothing more than mistake and confusion about parole eligibility. Further, Fraiser admitted at the hearing that he gave Beavers incorrect information about parole eligibility for second-degree sexual assault.

Third, the circuit court clearly erred in denying relief based on its conclusion that Joel

Beavers had testified that if the new offer had been properly explained he would have advised his son not to accept it. Joel Beavers's testimony about what his advice would have been to Beavers is of no moment because it does not demonstrate that Beavers would have followed his father's advice. Rather, Beavers specifically testified at the hearing that he would have taken the plea offer had it been explained to him.

Fourth, the circuit court's finding that trial counsel's representation as to his opinion about the outcome of a case is not a cognizable ground does not account for counsel's erroneous statements about parole eligibility for second-degree sexual assault. Because of these erroneous statements, trial counsel's representation fell below the objective standard of reasonableness required by the performance prong of the *Strickland* test for determining whether a defendant received ineffective assistance of counsel. Further, we note that Fraiser pursued a strategy of going to trial on the rape charge despite his admission that there was testimony from the victim and a witness and a statement made by Beavers to an investigator that would prove that he had engaged in sexual intercourse with another person who was incapable of consent because she was less than fourteen years of age, which would have proved the charge. Ark. Code Ann. § 5-14-103(a)(3)(A). Also, Fraiser testified that he was "convinced" that the appellate court would reverse a conviction for new trial because he believed that a statement Beavers gave to an investigator would be suppressed. Fraiser admitted, however, that no case law supported his legal theory. Subsequently, the Arkansas Court of Appeals rejected the claim. In considering the totality of the evidence, this evidence also weighs in favor of our determination that Beavers received ineffective assistance of counsel

7

regarding whether to accept the plea offer. Beavers's testimony that he would have accepted the more lenient plea offer had it been explained to him along with the imposition of a more severe sentence demonstrated that he suffered prejudice from the deficient performance.[1] Accordingly, we reverse and remand the circuit court's denial of Beavers's petition for postconviction relief. In accordance with *Lafler*, we order the State to reoffer the plea of a 20-year sentence on second-degree sexual assault.

Reversed and remanded with instructions.

BRILL, C.J., and GOODSON and WYNNE, JJ., dissent.

**ROBIN F. WYNNE, Justice, dissenting.** I do not believe that the circuit court's decision to deny appellant's petition for postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure was clearly erroneous. Accordingly, I dissent.

As the majority states, in order to prevail on a claim of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), the petitioner must demonstrate (1) deficient performance by counsel and (2) prejudice resulting from the deficient performance. To demonstrate prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, a petitioner must show a reasonable probability both that the plea offer would have been accepted had counsel communicated the offer and that the plea would have been entered without the prosecution's canceling it or the

---

[1]The dissent's reliance on Fraiser's testimony regarding probation does not take into account that Fraiser mistakenly advised Beavers about parole eligibility. Further, dissent fails to consider whether the circuit court's findings were clearly erroneous. Our review is not de novo. *Johnson v. State*, 356 Ark. 534, 542 n.1, 157 S.W.3d 151, 158 n.1 (2004).

trial court's refusal to accept it. *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1402–03 (2012). Thus, a petitioner must demonstrate that but for counsel's deficient performance, the result of the proceedings would have been different. *Id*. at 1410. Allegations of ineffective assistance of counsel in the context of plea negotiations must establish some direct correlation between counsel's deficient behavior and the decision regarding the plea. *See Pennington v. State*, 2013 Ark. 39 (per curiam).

Here, appellant failed to demonstrate prejudice as a result of the performance of Mark Fraiser, his counsel at trial. Appellant testified at the hearing on the petition that he would have taken the plea offer if it would have been properly explained to him. Fraiser testified that appellant was not inclined to accept an offer because he believed he was innocent and that appellant never indicated he would take a deal that involved more than probation. The trial court is in the best position to resolve any conflicts in testimony. *Pardue v. State*, 363 Ark. 567, 571, 215 S.W.3d 650, 655 (2005) (per curiam). The judge at a postconviction-relief hearing is not required to believe the testimony of any witness, particularly that of the accused. *Id*. Here, the circuit court was faced with conflicting testimony and, in denying appellant's claim for relief, resolved that conflict in favor of his attorney. Regarding the motion to suppress issue, appellant never testified at the hearing on his motion that the defense led him to reject the plea offer.

The circuit court heard the evidence, weighed the evidence, and determined that appellant had failed to carry his burden to establish ineffective assistance of counsel. When reviewing a decision of a trial court to deny relief on the issue of whether counsel's

representation was effective, this court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Hooks v. State*, 2015 Ark. 258, at 3, 465 S.W.3d 416, 419. I cannot say that this decision was clearly erroneous.

For these reasons, I dissent.

BRILL, C.J., and GOODSON, J., join.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.