SLIP OPINION

Cite as 2016 Ark. 333

# SUPREME COURT OF ARKANSAS

No. CR–16–260

| | | |
|---|---|---|
| JOHN D. THOMPSON | | **Opinion Delivered** October 6, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-13-544] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

## PER CURIAM

In 2014, appellant John D. Thompson was found guilty by a jury of first-degree murder of his wife. He was sentenced to 480 months' imprisonment, and the Arkansas Court of Appeals affirmed. *Thompson v. State*, 2015 Ark. App. 486, 469 S.W.3d 814.

In 2015, Thompson timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2014) seeking to vacate the judgment on the ground that he was denied effective assistance of counsel. The petition was denied, and Thompson brings this appeal.

When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783; *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). In making a

SLIP OPINION

determination of ineffective assistance of counsel, the totality of the evidence must be considered. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong analysis. First, a claimant must show that counsel's performance was deficient. *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290. Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. The petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Henington*, 2012 Ark. 181, 403 S.W.3d 55.

Second, a claimant must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *Id*. Even if counsel's conduct is shown to be professionally unreasonable, the judgment will stand unless the petitioner can demonstrate that counsel's error had an actual prejudicial effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 691. A petitioner, in claiming deficiency, must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. A petitioner must also demonstrate that there is a reasonable probability that, but for counsel's errors, the fact-

finder would have had a reasonable doubt respecting guilt, or in other words, that the decision reached would have been different absent the errors. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

This court will affirm the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Beavers v. State*, 2016 Ark. 277, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Thompson first argues in this appeal that the trial court erred in its denial of his claim that he was prejudiced by counsel's failure to object when one of the prosecutors present at his trial committed "contempt of court" by using the word "rigor" in a statement made before the State's opening statement was given. In both his Rule 37.1 petition and in his brief, Thompson seems to indicate that the mention of "rigor" occurred during the opening statement. He notes that there was a pretrial agreement between the parties not to mention rigor when referring to the time of the victim's death, but the prosecutor did not abide by

SLIP OPINION

the agreement. He argues that his attorney should have made an immediate objection. However, he concedes in his brief that the remark was "unheard and unreported" and not recorded. He states merely that he was in the courtroom and heard the word, and it was damaging to the defense.

We find no reversible error. As the trial court found in its order, Thompson offered no factual substantiation for the claim that the word "rigor" was actually used by the State. As stated, Thompson admits that the word was not heard, apparently by anyone but him, and was not reported or recorded. The burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Carter v. State*, 2015 Ark. 166, at 8–9, 460 S.W.3d 781, 789.

As his second point on appeal, Thompson argues that the trial court lacked jurisdiction to try him because he was denied a speedy trial and that counsel was remiss in failing to object on the ground that he was not afforded a speedy trial. He notes that he was brought to trial 439 days after he had been arrested.

Pursuant to Arkansas Rules of Criminal Procedure 28.1 and 28.2 (2015), a defendant must be brought to trial within twelve months of the date of his arrest unless there are periods of delay that are excluded under Rule 28.3. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 28.1(c) & 30.1. (2013); *Turner v. State*, 2016 Ark. 96, at 7, 486 S.W.3d 757, 762. Thompson acknowledges that there were continuances granted that delayed

the trial, but he argues that the continuances were not warranted and further faults the trial court for not setting out in detail in its order the reasons for the delays.

There is no merit to Thompson's point because he failed to cite facts to support his claim that there was a basis to object to the continuances. Thompson's failure to offer any meritorious argument that counsel might have made challenging the State's request for a particular continuance precludes granting postconviction relief on the allegation. *See Jordan v. State*, 2013 Ark. 469 (per curiam).

There is also no merit to Thompson's claim that the court's order was insufficient concerning the calculation of time for speedy trial. The trial court's order, which included a detailed time-line beginning on the date that Thompson was arrested and setting out each continuance granted to the State and to the defense, established that he was not denied a speedy trial. The calculations reflected that Thompson was granted a continuance on March 10, 2014, to August 18, 2014, which was 161 days. When the 161-day period was subtracted from the 439 days between his arrest and his trial, only 278 days had elapsed, and Thompson was not denied a speedy trial.

With respect to Thompson's assertion that the failure to afford him a speedy trial was a jurisdictional defect, speedy-trial claims do not raise a question of jurisdiction. *See Wesson v. Hobbs*, 2014 Ark. 285, at 3 (per curiam); *see also Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam). Also, except when raised as an allegation of ineffective assistance of counsel for failure of counsel to make a meritorious objection on speedy-trial grounds, an allegation of a speedy-trial violation is a claim of trial error and is not cognizable in a Rule 37.1 proceeding. *Breeden v. State*, 2014 Ark. 159, at 8, 432 S.W.3d 618, 625 (per curiam); *Meek v. State*, 2013 Ark. 314

(per curiam). Such claims of trial error, even those of a constitutional dimension, must be raised at trial and on appeal. *Breeden*, 2014 Ark. 159, at 8, 432 S.W.3d at 625; *Watson v. State*, 2012 Ark. 27 (per curiam).

Thompson next asserts that the State's "surprise" amendment of information shortly before trial violated his constitutional right to due-process of law and that counsel was ineffective for not objecting. He contends that counsel had been preparing to defend a charge of capital murder but was required to defend against first-degree murder with only a short time to prepare.

Thompson was originally charged with capital murder by premeditated and deliberated purpose under Arkansas Code Annotated section 5-10-101(a)(4) (Supp. 2011), or, in the alternative, with capital felony murder in the course of aggravated robbery under Arkansas Code Annotated section 5-10-101(a)(1)(A)(vi). Six days before trial, the State filed an amended information reducing the charge to purposeful first-degree murder under section 5-10-101(a)(2) (Repl. 2006).

The State is entitled to amend an information at any time prior to the case being submitted to the jury as long as the amendment does not change the nature or the degree of the offense charged or create an unfair surprise. *Carter v. State*, 2015 Ark. 166, at 6, 460 S.W.3d 781, 788. We have held that a defendant cannot complain about an amendment when the changes made are wholly to his advantage. *Koster v. State*, 374 Ark. 74, 91, 286 S.W.3d 152, 166 (2008); *see also Huckaby v. State*, 262 Ark. 413, 557 S.W.2d 875 (1977) (defendant could not complain of a change in the information, wholly to his advantage,

whereby court allowed the State to reduce original charge of capital murder to lesser offense of first-degree murder).

Here, Thompson's allegation that counsel was ineffective for failing to object to the amended information was entirely conclusory in nature; that is, he did not specify on what basis, except in general terms, counsel could have raised a meritorious objection to the amended information. Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief. *Adams v. State*, 2013 Ark. 174, at 17, 427 S.W.3d 63, 73. Thompson is not entitled to postconviction relief because he did not explain how his defense was prejudiced by counsel's lack of objection to the amended information, which was in fact favorable to him. *See Carter*, 2015 Ark. 166, at 7, 460 S.W.3d at 788 (Petitioner under Rule 37.1 was not entitled to relief, as he failed to properly provide any factual substantiation for his conclusory claim that he was prejudiced by an amendment to the information.).

As his fourth point for reversal of the trial court's order, Thompson contends that counsel was remiss in not investigating all available exculpatory evidence. provide a factual basis demonstrating that some specific information could been discovered. *Wertz v. State*, 2014 Ark. 240, at 6, 434 S.W.3d 895, 901 alleges that if counsel had raised certain questions that he listed in his petition and which he repeats in his brief, the jury would have had reasonable doubt of his guilt. For example, he poses the question, "Where is Thompson's wife's missing cell phone?" He suggests that, if that question and a series of

other questions had been presented to the jury, the jury might have concluded that some other relative of the victim's had committed the murder.[1]

The trial court did not err in denying relief on the assertion that counsel should have investigated the questions that Thompson listed. The fact that a petitioner can list unanswered questions about a crime is not tantamount to providing factual substantiation for the allegation that counsel failed to discover exculpatory evidence. A petitioner must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation—such as a witness's testimony—could have changed the trial outcome. *Savage v. State*, 2015 Ark. 212, at 4, 462 S.W.3d 326, 331 (per curiam).

To the extent that Thompson's allegations could be considered a claim of actual innocence or a direct challenge to the sufficiency of the evidence to sustain the judgment, it is well settled that a claim of actual innocence is considered a direct attack on the judgment and is not cognizable in a Rule 37.1 proceeding. *See Van Winkle v. State*, 2016 Ark. 98, at 11, 486 S.W.3d 778, 787. Rule 37.1 does not provide a means to attack the weight of the evidence to support the conviction. *Stalnaker v. State*, 2015 Ark. 250, at 5, 464 S.W.3d 466, 470 (per curiam).

---

[1]Thompson appears to bolster some of the allegations raised in the Rule 37.1 petition by adding information in his brief. On appeal, we review only those specific claims before the trial court. *McLaughlin v. State*, 2015 Ark. 335 (per curiam). We do not consider substantiation added to bolster allegations made below. *Id.*

As his fifth ground for reversal of the trial court's order, Thompson argues that counsel was ineffective because he did not call an expert medical witness for the defense. While he faulted counsel in his Rule 37.1 petition for counsel's failure to ask the State to pay for such a witness or otherwise secure an expert witness's testimony, he did not set out what beneficial testimony could have been obtained. He stated only that the medical expert who testified for the State did not testify as to the time of the victim's death.

A petitioner claiming ineffective assistance of counsel for failure to call a witness is required to state the substance of the omitted witness's testimony and demonstrate that this omitted testimony resulted in actual prejudice to the defense. *Feuget v. State*, 2015 Ark. 43, at 5, 454 S.W.3d 734, 739. The decision whether to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37.1. *Stiggers v. State*, 2014 Ark. 184, at 4, 433 S.W.3d 252, 256. As Thompson did not show that beneficial testimony could have been obtained through an expert medical witness, the trial court did not err in declining to grant relief on this claim. It is incumbent on the petitioner to provide a summary of the beneficial testimony that could have been secured and to establish that the testimony would have been admissible into evidence. *See Adams v. State*, 2013 Ark. 174, at 16, 427 S.W.3d 63, 73.

In addition to claiming that counsel should have called an expert witness for the defense, Thompson asserts that counsel should have objected to the fact that there were several prosecutors present at his trial, but he had only one defense attorney. He contends that he was "double teamed" by the State in a way that was unfair and that counsel should have objected. He contends, without factual substantiation, that the outcome of the trial

would have been different if counsel had requested another attorney to assist with the defense and also repeats the allegation that counsel should have acquired the testimony of an expert medical witness. Again, Thompson has failed to demonstrate any specific prejudice to the defense that arose from his representation by counsel. Lack of success in obtaining a not-guilty verdict does not, in and of itself, equate with ineffective assistance of counsel. *See O'Rourke v. State*, 298 Ark. 144, at 154, 765 S.W.2d 916, 922 (1989).

Finally, Thompson contends that counsel should have presented evidence to the trial court that it lacked jurisdiction over his case because he had not been indicted by a grand jury. This court has repeatedly rejected the argument raised by Thompson. *Sherman v. State*, 2014 Ark. 474, at 10, 448 S.W.3d 704, 712; *Smith v. State*, 2012 Ark. 311 (per curiam) (citing *Ruiz v. State*, 299 Ark. 144, 772 S.W.2d 297 (1989)); *Ellingburg v. State*, 254 Ark. 199, 492 S.W.2d 904 (1973)). Section 1 of Amendment 21 to the Arkansas Constitution provides that "[a]ll offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury *or* information filed by the Prosecuting Attorney" (emphasis added).

Affirmed.

*John D. Thompson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.